**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Salvatore O. PERRERA,**
**Defendant–Appellant.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles L. MURRAY,**
**Defendant–Appellant.**

**Nos. 87–5514, 87–5515.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 6, 1988.

Decided March 23, 1988.

William Warren Hamel (Venable, Baetjer & Howard on brief), William Willis Carrier, III (Tydings & Rosenberg, Baltimore, Md., on brief) for defendants-appellants.

Jane F. Barrett, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief), for plaintiff-appellee.

Before SPROUSE and WILKINS, Circuit Judges, and YOUNG, United States District Judge for the District of Maryland, sitting by designation.

PER CURIAM:

Salvatore O. Perrera and Charles L. Murray, Sr., were indicted along with a third defendant on charges of mail fraud, 18 U.S.C. § 1341, and aiding and abetting, 18 U.S.C. § 2. These indictments flowed from

the defendants' involvement in a scheme for obtaining insurance settlements by staging automobile accidents and submitting false claims to various insurance companies. In accordance with a plea agreement, Perrera pled guilty to two counts of mail fraud. A jury found Murray guilty of three counts of mail fraud and three counts of aiding and abetting. Their appeals have been consolidated for review.

Perrera argues that his sentencing procedure was prejudicially flawed because the prosecuting attorney violated the plea agreement by commenting unfavorably on Perrera's past conduct. Perrera also contends that the district court erred in failing to make factual findings concerning certain allegations contained in his presentence report and the extent to which the court considered those allegations in imposing sentence. Murray argues that the court erred in denying him a continuance and in failing to appoint a handwriting expert to assist in his defense. Finding no merit in any of the parties' contentions, we affirm both judgments.

## I.

Perrera agreed to plead guilty to two counts of mail fraud, and the Government agreed to recommend he receive a sentence of four years incarceration on one count followed by five years probation on the second count. At the sentencing hearing, the prosecuting attorney cited the Government's sentencing recommendation as provided in the plea agreement. The prosecuting attorney then reviewed for the court Perrera's involvement in the mail fraud scheme. She also related that he had several prior convictions and that, during an earlier period of probation, he had missed nine appointments with his probation officer. After making inquiries and hearing testimony and arguments concerning the

details of the prior convictions and probation violations, the court sentenced Perrera to two consecutive four-year terms.

■ Perrera contends the Government violated the plea agreement because the prosecuting attorney undermined the sentencing recommendation by emphasizing his prior criminal record and his previous conduct while on probation. In the plea agreement, however, the Government specifically retained the right to comment at the sentencing hearing concerning Perrera's background and prior conduct. Moreover, the prosecuting attorney had a duty to bring all relevant information about Perrera to the court's attention at the time of sentencing. *United States v. Block*, 660 F.2d 1086, 1091–92 (5th Cir. Unit B 1981), *cert. denied*, 456 U.S. 907, 102 S.Ct. 1753, 72 L.Ed.2d 164 (1982); *See United States v. Reckmeyer*, 786 F.2d 1216, 1223 (4th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 177, 93 L.Ed.2d 113 (1986). The prosecuting attorney's comments on Perrera's prior crimes and prior conduct while on probation were, therefore, both proper and consistent with the terms of the plea agreement.

■ Perrera also argues that the district court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make findings regarding the disputed allegations in the presentence report and to define the extent to which it relied on the information in imposing sentence.[1] We disagree.

During the sentencing proceedings Perrera objected to the report's statement that, while on probation for a prior offense, he had failed on numerous occasions to report to his probation officer. After hearing Perrera's argument in support of his objection, the district court received comments from Perrera's probation officer to the effect that he had missed nine appointments

---

1. Fed.R.Crim.P. 32(c)(3)(D) provides:

   If the comments of the defendant and his counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a

determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

during a two-year period. Both Perrera and the probation officer were given opportunities to argue their versions of the incidents. The probation officer offered to produce documentary support for her statements. The court declined her offer, however, stating that the record supported her testimony. Immediately following the colloquy concerning the accuracy of the presentence report, the court ended the hearing and began to pronounce sentence on Perrera. Before imposing sentence, the court informed Perrera:

> The Court has, in your case, reviewed the presentence report, ... What impresses the Court is that you seem to have a singular disregard for the law. You don't learn from prior punishment.

> In your favor, of course, is the fact that you have pled guilty and I will take that into consideration in the sentence I am about to impose.

> You have a significant prior record and that must also be taken in the account. I don't know whether you were the ringleader or not in this activity, but whatever role you played in it, it was a prominent one. I don't think there is any question about that.

> . . . .

> So taking all the facts and circumstances into account, the sentence of the Court is this: ...

■ To comply with rule 32, a sentencing court need not articulate a finding as to disputed factual allegations with minute specificity. We must, however, be able to determine from the court's statements both its findings as to the allegations and how it treated those allegations in sentencing. *See United States v. Hill,* 766 F.2d 856, 858 (4th Cir.), *cert. denied,* 474 U.S. 923, 106 S.Ct. 257, 88 L.Ed.2d 263 (1985). Reading the court's statements as a whole, we are persuaded that the requirements of rule 32 were met.

Before passing sentence the court stated that it had reviewed the presentence report, which included the nine probation violations, and noted that Perrera had a "singular disregard for the law." In our view these statements, uttered immediately following the testimony concerning the probation violations, referred to those violations as well as to Perrera's prior crimes. Similarly, viewed in context, the court's statement that it took "all the facts and circumstances into account" indicates that the probation violations were among the factors that influenced its sentencing decision. Since the court made clear that it accepted the allegations in the report that Perrera failed on nine occasions to report to his probation officer, it is difficult to see how that finding could have been excluded from the court's deliberations when it decided to impose a second prison term instead of the probation called for by the plea agreement. In our view the court's statements are sufficient to show that it accepted the disputed allegations and considered them in reaching its sentence. The district court's judgment sentencing Perrera to two consecutive four-year terms is, therefore, affirmed.

## II.

■ Murray argues that the district court's denial of his motion for a continuance and refusal to appoint a handwriting expert to assist him in preparing his defense violated 18 U.S.C. § 3006A(e) (governing appointment of experts on behalf of indigent defendants) and Fed.R.Crim.P. 16(a)(1)(D) (governing discovery of examinations or tests). Murray's trial was scheduled to begin on October 6, 1986. Approximately two weeks before that date and two weeks after a previously set deadline for filing motions, the Government moved that Murray be required to provide handwriting exemplars. The court granted the motion over Murray's objection on September 26, and Murray produced the exemplars on September 29. The Government provided Murray a copy of its expert's report on October 3.

On the morning of trial, Murray moved for a continuance to allow him additional time to prepare a defense to the analysis and also requested the court appoint a handwriting expert to assist him in responding to the Government's expert. The court denied both motions. The Govern-

ment's expert testified at trial that although he could not identify the signature on some of the documents in evidence as Murray's, the signature on an employment verification form and the endorsement on several checks issued by the State Farm Insurance Company were "probably" Murray's. The Government presented this testimony to corroborate the testimony of a postal inspector, who stated that Murray had admitted signing these documents.

There is no merit to Murray's argument that his conviction must be reversed because the district court refused his request for the appointment of a handwriting expert pursuant to 18 U.S.C. § 3006A(e). To show reversible error in a district court's refusal to appoint an expert, a defendant must demonstrate that the court's refusal was prejudicial to his defense. *United States v. Reddick*, 620 F.2d 606, 609 (7th Cir.1980); *United States v. Sims*, 617 F.2d 1371, 1375 (9th Cir.1980); *United States v. Harris*, 542 F.2d 1283, 1315–16 (7th Cir. 1976), *cert. denied*, 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). The handwriting expert who testified on behalf of the Government merely corroborated other strong evidence that Murray had signed various documents involved in the insurance fraud scheme. Moreover, the thrust of Murray's defense was that he did not *mail* the documents and not that he did not sign them. Thus, the fact Murray lacked the services of a handwriting expert did not prejudice his defense.

We also reject Murray's contention that the court erred in refusing to grant him a continuance. Murray claims the court's refusal deprived him of the opportunity to prepare a defense to the Government's expert witness' testimony. Murray has shown no abuse of discretion in the trial court's denial of his motion for a continuance. *United States v. Brown*, 821 F.2d 986, 988 (4th Cir.1987).

In view of the above, Murray's conviction also is affirmed.

AFFIRMED.