887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert A. HOGAN, III, Defendant-Appellant.
 No. 89-5548.
 United States Court of Appeals, Fourth Circuit.
 Submitted: July 28, 1989.
Decided: Sept. 25, 1989.
 
 Steven A. Allen, Melnicove, Kaufman, Weiner & Smouse, P.A., on brief, for appellant.
 Breckinridge L. Willcox, United States Attorney, Glenda G. Gordon, Assistant United States Attorney, on brief, for appellee.
 Before WIDENER, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Pursuant to a plea agreement, Robert A. Hogan, III, pleaded guilty in the United States District Court for the District of Maryland to a Criminal Information charging him with conspiring to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and willful failure to file a federal income tax return, in violation of 26 U.S.C. Sec. 7203. He was sentenced to five years imprisonment on the conspiracy charge and placed on three years probation for failing to file his income tax return. Hogan now challenges his sentence, claiming that the sentencing court failed to make the findings mandated by Federal Rule of Criminal Procedure 32(c)(3)(D), and that the prosecution breached the terms of the plea agreement. Finding no merit in either of these contentions, we affirm the judgment of the district court.
 
 I.
 
 2
 On July 27, 1987, appellant Robert A. Hogan, III, signed a plea agreement with the United States Attorney for the District of Maryland. By the terms of the agreement, appellant pleaded guilty to a Criminal Information charging him with one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and one count of willful failure to file a federal income tax return, in violation of 26 U.S.C. Sec. 7203. In addition, appellant agreed to cooperate fully and truthfully with law enforcement authorities in any investigation in which he might be of assistance. In return, the government agreed that at appellant's sentencing, it would bring to the court's attention the nature and extent of his cooperation as well as all other relevant information concerning his background, character, and conduct. The government also indicated that it would not recommend a specific sentence, but rather only that appellant receive a sentence of incarceration and a fine.
 
 
 3
 On September 10, 1987, in compliance with the plea agreement, appellant pleaded guilty to both counts of the Criminal Information. At that time, appellant noted that although he was pleading guilty, he disputed the quantity of cocaine in which the government accused him of trafficking.
 
 
 4
 Appellant's sentencing was delayed until February 7, 1989, in order to provide him with a full opportunity to cooperate with law enforcement officials. In the interim, the United States Probation Department prepared the report of its presentence investigation (PSI) of appellant. The PSI noted that more than fifteen kilos were involved in the commission of appellant's offense, and rated the severity of his offense accordingly.
 
 
 5
 At the February 7 sentencing proceeding, the district court directly inquired whether the quantity of cocaine as specified in the PSI remained in dispute. The following discussion ensued among the assistant United States Attorney (AUSA), appellant's counsel (AC), and the court:
 
 
 6
 AUSA: I believe in this case there is no dispute that Mr. Hogan dealt kilo quantities of cocaine.
 
 
 7
 AC: That is correct.
 
 
 8
 COURT: Under those circumstances, if that's the kilo quantities, we just don't know how many.
 
 
 9
 AC: We disagree with the extent of the kilos that the government alleges.
 
 
 10
 AUSA: I think probably both of us in a sense are saying we think it's not material to this proceeding so long as the Court--
 
 
 11
 COURT: If he deals in kilo quantities, that's the quantity that if you have to deal with, it would be of that size, that's all.
 
 
 12
 AC: That will be fine, Judge.
 
 
 13
 Later in the proceeding, appellant's counsel claimed not to have conceded that his client dealt in kilogram quantities. The court responded, "Whether you concede it or not, I can't take your word for it Mr. Allen. I am not agreeing with you."
 
 
 14
 Also during the course of the proceeding, the government commented on appellant's cooperation pursuant to the plea agreement. The government cited appellant's debriefing by law enforcement authorities and his testimony before the grand jury concerning both his and others' involvement in the case. The government indicated that appellant's aid helped secure the conviction of two drug traffickers. In addition, after both appellant's counsel and the court had already compared appellant's culpability and cooperation with that of a defendant already sentenced in the case, Warren Stein, the government remarked that "as long as we are getting into this comparison, I think it's fair to note, as Your Honor has alluded to, Mr. Stein's cooperation, difficult though it was, came very early on, and Mr. Hogan had an opportunity to cooperate much earlier than he did.... [W]e are grateful for what he gave and he gave it with some difficulty. But it was not as valuable as it could have been."
 
 
 15
 The court sentenced appellant to five years imprisonment for conspiring to distribute cocaine, but imposed no fine. The court placed appellant on three years probation for willful failure to file a federal income tax return. Appellant appeals his sentence.
 
 II.
 
 16
 Federal Rule of Criminal Procedure 32(c)(3)(D) requires that when a defendant or his counsel alleges any factual inaccuracy in the PSI, the court must either make a finding as to the disputed fact or make a determination that a finding is unnecessary because the disputed fact will not be considered in sentencing.[1] Appellant claims that the court's failure to make a finding as to the exact quantity of cocaine in which appellant dealt violated Rule 32(c)(3)(D). We disagree.
 
 
 17
 The sentencing court clearly found that appellant dealt in kilogram quantities of cocaine. This finding was amply supported. Appellant urges, however, that the court should have ruled on the accuracy of the PSI's allegation that more than fifteen kilograms were involved. Such precision is not required. We have previously held that in order to comply with Rule 32, "a sentencing court need not articulate a finding as to disputed factual allegations with minute specificity." U.S. v. Perrera, 842 F.2d 73, 76 (4th Cir.1988). Instead, the court need only state its findings concerning the allegations of disputed fact and indicate how it treated those allegations in sentencing. Id.
 
 
 18
 In the case at hand, the court recognized that the exact amount of cocaine was in dispute. The court indicated that it had found that kilogram quantities were involved, and that it would determine its sentence on that basis. Appellant's counsel acquiesced in this ruling. Nothing further is required of a sentencing court.[2]
 
 
 19
 Appellant complains that without a specific finding on the accuracy of the PSI's statement of the quantity of cocaine, he will be prejudiced in seeking parole. This simply is not the case. Appellant retains the right when seeking parole to challenge the contents of his PSI before the Parole Commission. 28 C.F.R. Sec. 2.19(c); United States v. Legrano, 659 F.2d 17, 18 (4th Cir.1981). If dissatisfied with the resolution there, appellant can gain administrative review of the Parole Commission's findings, and ultimately judicial review in the district of confinement under 28 U.S.C. Sec. 2241. United States v. Leath, 711 F.2d 119, 120 (8th Cir.1983). The sentencing court need not make a specific finding in order to ensure appellant's ability to seek a fair parole determination.
 
 III.
 
 20
 Appellant also alleges that the government breached the terms of the plea agreement by comparing appellant's culpability and cooperation unfavorably with that of a defendant previously sentenced by the court, Warren Stein. Appellant argues that by unfavorably comparing him with Mr. Stein and by informing the court of the length of Mr. Stein's sentence, the government was indirectly recommending a minimum sentence for appellant in contravention of the plea agreement. When read in its entirety, the record of the sentencing proceeding does not support appellant's assertion.
 
 
 21
 In reminding the court of the various defendants in the case who had appeared before it, the government noted that "Mr. Stein cooperated with the government, and the court sentenced him to three years. Mr. Hogan has cooperated as well. In this case, the United States recommends that the Court sentence Mr. Hogan to a term of imprisonment and a fine." Appellant claims that this statement, when combined with other statements made later in the proceeding comparing the value of his cooperation unfavorably with that of Mr. Stein, argues for a three year minimum sentence. Appellant's contention ignores the fact that at other times during the proceeding, the government compared appellant's cooperation favorably with that of Mr. Stein. For instance, the government commented that "he [Mr. Stein] was a very difficult person to work with, made every step along the way of working with him much more difficult than it needed to be. We certainly have nothing negative to say like that about Mr. Hogan." According to appellant's logic, in making such a statement the government was arguing for three years to be a maximum sentence for appellant rather than a minimum one.
 
 
 22
 In fact, the government was neither arguing for a minimum nor a maximum sentence, but rather was conscientiously fulfilling its role in the sentencing proceeding. The government indicated in the plea agreement that it would comment on the nature and extent of appellant's cooperation. Furthermore, the government owed a duty to the sentencing court to bring forward all relevant information concerning appellant and his conduct. U.S. v. Perrera, 842 F.2d at 75. For the government to compare appellant's cooperation with that of Mr. Stein after both the court and appellant's counsel had already drawn the comparison was in no way an attempt to subvert either the letter or the spirit of the plea agreement. Instead, it was merely a means of accurately describing the level of appellant's cooperation.
 
 
 23
 Appellant also contends that the government breached the plea agreement by only halfheartedly recounting the extent of appellant's cooperation. Even assuming the government's recitation of appellant's cooperation was less than enthusiastic, this would not constitute a violation of the agreement. The government did not commit in the agreement that its report would be an enthusiastic one, and the law does not imply such an understanding. United States v. Benchimol, 471 U.S. 453, 455 (1985). By accurately describing the extent and value of appellant's cooperation, the government faithfully adhered to its responsibility to the court and to the terms of the plea agreement.
 
 
 24
 For the foregoing reasons, the judgment of the district court is
 
 
 25
 AFFIRMED.
 
 
 
 [1]
 The text of Federal Rule of Criminal Procedure 32(c)(3)(D) reads:
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.
 
 
 [2]
 Because we find that the district court made adequate findings of fact in compliance with Rule 32(c)(3)(D), we need not address the Government's contention that in order to show a violation of the Rule, appellant must demonstrate that the disputed fact is false and that the court relied on the fact in determining the sentence