892 F.2d 75
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cheri Renee DIXON, Defendant-Appellant.
 No. 89-5124.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 25, 1989.
Decided: Nov. 27, 1989.
 
 Mary Lou Newberger, Assistant Federal Public Defender, on brief, for appellant.
 Michael W. Carey, United States Attorney; Gary E. Pullin, Assistant United States Attorney, on brief, for appellee.
 Before PHILLIPS, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant Cheri Renee Dixon pled guilty to one count of conspiracy to distribute cocaine, following which the district court sentenced Dixon to thirty-six months incarceration. The only issue on this appeal is whether the sentencing court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) by allegedly failing to rule upon or make findings concerning Dixon's objections to the presentence investigation report.
 
 
 2
 Dixon raised two Fed.R.Crim.P. 32 objections to the presentence report relevant to this appeal: (i) that a two-level increase under Guidelines § 2D1.1(b)(1) for possessing a gun during commission of a drug crime was unwarranted because the gun was carried under duress; (ii) that Dixon should have been granted a two-level decrease under Guidelines § 3B1.2(b) because of her alleged role as only a minor participant. Dixon requests that this court vacate her sentence and remand for resentencing.
 
 
 3
 Fed.R.Crim.P. 32(c)(3)(D) requires the sentencing court either to make findings regarding alleged factual inaccuracies in a presentence report, or to determine that no such finding is necessary because the matter controverted will not be taken into account in sentencing. Compliance with Rule 32 does not require the sentencing court to articulate with minute specificity findings concerning such controverted matters in the presentence report. See United States v. Perrera, 842 F.2d 73, 76 (4th Cir.1988). Rather, the sentencing court's statements must be sufficient to allow the appellate court to determine from the sentencing court's statements both its findings concerning controverted matters and how it treated those allegations in sentencing. Id.
 
 
 4
 Turning first to Dixon's contention that the trial judge failed to make findings concerning alleged duress, we find that the record clearly allows this court to determine how the sentencing court treated this dispute. During sentencing, the following colloquy took place between Dixon's attorney and the sentencing judge:
 
 
 5
 THE COURT: Is there anything further you'd like to say on Ms. Dixon's behalf.
 
 
 6
 MS. NEWBERGER: No. The only thing, Your Honor, was that we had asked for a two level reduction based on duress and her using the gun. I think there was an increase on that, but I take it your prior ruling--
 
 
 7
 THE COURT: Yes.
 
 
 8
 MS. NEWBERGER: --covers that.
 
 
 9
 J.A. at 42.
 
 
 10
 The court then inquired whether Dixon's attorney had anything further to say on Dixon's behalf, in response to which Dixon's attorney, instead of pursuing the duress issue, began to discuss Dixon's substantial participation with authorities. Clearly, the record allows this court to determine that the sentencing court was presented with and rejected the contention that Dixon carried the gun under duress. Moreover, it is clear that Dixon's attorney understood the court's ruling because, in response to the court's inquiry, Dixon's attorney did not pursue the duress issue.
 
 
 11
 We turn next to Dixon's assertion that the trial judge failed sufficiently to find whether Dixon's alleged minor role entitled her to a two-point decrease. We find that the record allows this court to determine how the sentencing court treated this dispute. During sentencing, the trial judge noted that the defense had raised a number of objections to the presentence report. See J.A. at 37. In response, Dixon's attorney stated that Dixon's major dispute with the presentence report was the amount of drugs attributed to Dixon. See id. After fairly lengthy discussion on the drug quantity issue, Dixon raised the duress objection discussed above. See id. at 42. Nevertheless, there was no discussion concerning the sentencing court's failure to address Dixon's minor role objection to the presentence report.
 
 
 12
 Whenever a factor important to the sentencing determination is reasonably in dispute, Guidelines § 6A1.3 requires the sentencing court to give the parties an adequate opportunity to present information to the court regarding that factor. Not only did the sentencing court give Dixon adequate opportunity to present information regarding her minor role as evidenced by Dixon's written list of objections to the presentence report, Dixon points to no record evidence suggesting that this was reasonably in dispute. We therefore find sufficient record evidence from which to infer that the district court considered and rejected a two-point decrease for Dixon's allegedly minor role.
 
 
 13
 AFFIRMED.