896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ina SOWELL, Defendant-Appellant.
 No. 89-5620.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 28, 1989.
Decided: Feb. 14, 1990.
 
 Lionel S. Lofton, for appellant.
 E. Bart Daniel, United States Attorney; Alfred W. Bethea, Jr., Assistant United States Attorney, for appellee.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this appeal, Ina Mae Sowell urges that the district court erred in refusing a request made during sentencing to withdraw her guilty plea. We affirm.
 
 
 2
 * Sowell was arrested in August 1988 at the home she shared with her husband in Jefferson, South Carolina. Drug enforcement agents confiscated marijuana, cocaine, money, and firearms. A federal grand jury subsequently returned a ten-count indictment charging nine defendants with various violations of federal drug law. Sowell was named in four counts. Pursuant to a plea bargain agreement, she pled guilty to one count of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1), 841(b)(1)(D), and 846.
 
 
 3
 Paragraph 4 of the plea agreement required Sowell "to fully and truthfully cooperate" with federal authorities. Paragraph 11 provided that, if Sowell cooperated, the government would move for departure from the United States Sentencing Commission Guidelines, pursuant to United States Sentencing Commission Guidelines Manual, Sec. 5K1.1, "on the grounds that the Defendant has made a good faith effort to provide substantial assistance in the investigation or prosecution of another person who has committed an offense...."[1] Paragraph 12 stated that the motion by the government was not binding on the court and that "the Defendant will have no right to withdraw her plea" if sentenced within the Guidelines.
 
 
 4
 Sowell was initially reluctant to cooperate with authorities, but did meet with an investigator on the morning of May 31, 1989, the day scheduled for her sentencing. That afternoon, the assistant United States attorney (not the one who had negotiated the plea agreement) appeared for the government and made the following statement:
 
 
 5
 Your Honor, pursuant to the plea agreement, the government agreed to make the motion for a downward departure if this defendant cooperated. Until quite recently, this defendant absolutely insisted that she didn't know anything about anything and didn't know that her husband was involved in drugs. Mr. Pride [Sowell's counsel] had a word with her and communicated to me that she was, in fact, now willing to tell the government something.
 
 
 6
 He is absolutely correct in telling you, Your Honor, I gave the defendant the opportunity to tell what she knew to the investigators this morning so that I would have something to tell you when we came into court today.
 
 
 7
 The defendant told the agents that she knew her husband was in the drug business, Your Honor, and that she didn't know the full range and extent of what he was doing. If that is the basis, if that is everything that the defendant knows and that's all she can contribute and cooperate, then the government is obliged under the plea agreement to make a motion for downward departure if she's helped all she could. Pursuant to my obligations as an officer of the court, I do have to advise you that the cooperation came this morning, Your Honor, and that the extent of what she's been able to do for the government is simply to confirm what the government already knew. If that's the best she can do, Your Honor, then I am obliged to make a motion for downward departure and I have no indication this defendant can do any more than what she did.
 
 
 8
 The court initially denied the motion, but on further argument from Sowell's counsel recessed so it could receive the testimony of the investigating government agent. The court heard that evidence on June 2 and then engaged in the following colloquy with government counsel:
 
 
 9
 THE COURT: Are you suggesting to this court, Ms. Peters, she's entitled to a departure downward under 5(K)1.1?
 
 
 10
 MS. PETERS: Your Honor, at the time--
 
 
 11
 THE COURT: You answer my question.
 
 
 12
 MS. PETERS: I felt obliged to make--
 
 
 13
 THE COURT: You answer my question. I'm tired of this.
 
 
 14
 MS. PETERS: No, sir. I don't think she is entitled to a 5(K)1.1 downward departure.
 
 
 15
 THE COURT: It is absolutely absurd to suggest she falls within the confines of 5(K)1.1, is it not?
 
 
 16
 MS. PETERS: It is, Your Honor.
 
 
 17
 Sowell then sought to withdraw her guilty plea, urging that the government had violated the plea agreement by rescinding its motion for a Sec. 5K1.1 departure.
 
 
 18
 The district court concluded that the government had fulfilled its promise to move for a downward departure and refused to allow withdrawal of the plea.[2] The court then held that Sowell's conduct did not fall within the scope of Sec. 5K1.1 and refused to grant a departure from the Guidelines. The court sentenced her to forty-one months imprisonment, the minimum sentence within the relevant range.[3]
 
 II
 
 19
 Sowell contends the district court erred in refusing to allow her to withdraw her guilty plea after the government had breached the plea agreement. See Santobello v. New York, 404 U.S. 257 (1971); United States v. Brown, 500 F.2d 375 (4th Cir.1974). Both decisions concluded that the defendants' guilty pleas were induced by the expectation that the government would adopt a certain posture during sentencing and that the government had not fulfilled that obligation. In a more recent opinion, the Supreme Court has held that, absent a specific commitment to make a sentencing recommendation enthusiastically, such a requirement will not be read into a plea agreement. United States v. Benchimol, 471 U.S. 453, 455-56 (1985). Indeed, government counsel has a duty to bring all relevant information to the court's attention. United States v. Perrera, 842 F.2d 73, 75 (4th Cir.), cert. denied, 109 S.Ct. 102 (1988).[4]
 
 
 20
 Here, the government's commitment was to move for a Sec. 5K1.1 downward departure.[5] The district court found, and we agree, that the government fulfilled its pledge to move for the departure. The court fully explored the appropriateness of departing from the Sentencing Guidelines and adjourned proceedings so it could receive live testimony. The possibility that the court could decline to grant the departure was made clear both in the sentencing agreement and at the time the court accepted Sowell's guilty plea.
 
 
 21
 If the colloquy of June 2 between the court and government counsel had constituted the sole communication by the prosecution as to the Sec. 5K1.1 motion, this might be a different case. But considering all of the representations by the government and under the circumstances of this case, the trial court in our view did not abuse its discretion in denying Sowell's request to withdraw her guilty plea, a request made after it was apparent how the court would rule on the motion. See United States v. Strauss, 563 F.2d 127, 130-31 (4th Cir.1977). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 22
 AFFIRMED.
 
 
 
 [1]
 This language in the plea agreement was excerpted from the 1988 Guidelines. The reference to "good faith" was subsequently deleted. Section 5K1.1 was amended, effective November 1, 1989, to read:
 Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.
 See U.S.S.G.App.C. p 290 (Nov.1989).
 
 
 [2]
 The court noted that the agreement was ambiguous as to whether the government was obligated to make a motion for a departure under these circumstances. Construing the agreement against the government, the court then ruled that the government had fulfilled its obligation to move for a downward departure
 
 
 [3]
 Sowell had no prior criminal history. The court started from a level 28 offense and granted Sowell a two-level reduction for acceptance of responsibility and a four-level reduction for minimal participation. See U.S.S.G. Secs. 3(E)1.1 and 3(B)1.2. The court also ordered that she be placed on supervised release for three years after her release from prison and imposed a $50 special assessment
 
 
 [4]
 We do not agree with Sowell's assertion that Santobello and Brown require a reversal here. In Santobello, the prosecuting attorney at the sentencing hearing was apparently unaware of an agreement made by the prosecutor who previously handled the case and made a conflicting recommendation. In Brown, the prosecutor made the recommendation required under the plea agreement because "that was part of the plea bargaining." 500 F.2d at 377. He failed to offer any other support for the recommendation and expressed reservations about it. In the present case, the prosecuting attorney not only made the requisite motion, but fully advised the court of the circumstances surrounding the motion
 
 
 [5]
 We have held that the court may not consider a Sec. 5K1.1 departure absent a motion by the government. United States v. Francois, 889 F.2d 1341, 1343-44 (4th Cir.1989)