Filed: February 12, 1996

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 95-5043
(CR-94-5-4)

United States of America,

Plaintiff - Appellee,

versus

Stephen Jones, etc.,

Defendant - Appellant.

O R D E R

The Court amends its opinion filed December 28, 1995, as follows:

On the cover sheet, section 3, line 4 -- the lower court number is corrected to read "CR-94-5-4."

For the Court - By Direction

/s/ Bert M. Montague

Clerk

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5043

STEPHEN JONES, a/k/a Tomeek
Stefon,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Richard L. Voorhees, Chief District Judge.
(CR-94-5-4)

Submitted: November 30, 1995

Decided: December 28, 1995

Before HALL and HAMILTON, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roger T. Smith, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, Jerry W. Miller, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant, Stephen Jones, appeals the jury's verdict finding him guilty of conspiracy to possess with intent to distribute in excess of fifty grams of crack cocaine[1] and his sentence of 330 months incarceration. Jones contends that the jury's verdict should be overturned and a retrial granted because of alleged errors by the district court. Specifically, Jones alleges that the district court erred by: (1) denying his motion to suppress evidence obtained in a search of a co-conspirator's mail; (2) denying his motion for acquittal; (3)  admitting testimony and evidence regarding the crack cocaine; (4) enhancing his sentence pursuant to United States Sentencing Commission, Guidelines Manual, § 3B1.1(a) (Nov. 1994), for being an organizer or leader of a criminal activity; and (5) denying his motion to appoint his own expert witness to weigh the crack cocaine. Jones also contends that he was denied due process because of the jury's racial composition. We have reviewed the record and find no reversible error. Accordingly, we affirm Jones's conviction and sentence.

First, Jones asserts that the court improperly denied his motion to suppress evidence obtained in a search of a co-conspirator's mail. We review de novo the district court's conclusion that Jones, who did not reside at the address on the package, had no standing to challenge the validity of the search.[2] Jones did not put his name or address on the package,[3] nor did he acknowledge that he had sent the package to the co-conspirator.[4] Thus, Jones's claim is without merit because he

_____

[1] 21 U.S.C. §§ 841(a)(1), 846 (1988).

[2] United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, ___ U.S. ___, 61 U.S.L.W. 3285 (U.S. 1992).

[3] See United States v. Mehra, 824 F.2d 297, 299 (4th Cir.), cert. denied, 484 U.S. 915 (1987).

[4] See Rakas v. Illinois, 439 U.S. 128, 131 n.1 (1978) ("The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure.").

2

failed to establish a reasonable expectation of privacy in the co-conspirator's mail.**5**

Next, Jones asserts that the evidence was insufficient for the court to deny his motion for acquittal. We review a denial of a motion for acquittal under a sufficiency of evidence standard.**6** At trial, the Government showed by witness testimony and forensic evidence that on several different occasions Jones obtained crack cocaine in New York, packaged it, wrote instructions to his co-conspirators regarding its sale price, mailed the crack cocaine to his co-conspirators, and then travelled to North Carolina to assist in the distribution of the drugs. We find the evidence, when viewed in the light most favorable to the government, sufficient for a rational jury to convict Jones; thus, the district court's denial of Jones's Rule 29 motion was proper.**7**

Next, Jones contends that the Government's forensic chemist should not have been allowed to testify regarding the chemical composition and weight of the crack cocaine and that a defense expert witness should have been appointed to testify to the weight of the drugs seized. Expert testimony is not necessary to establish the identity of a substance where the witness is familiar with illegal drugs and where circumstantial evidence supports the testimony.**8** Further, denial of an expert witness must be prejudicial to the defendant's defense,**9** and Jones was not prejudiced by the court's denial of an expert witness because at sentencing the court accepted the lesser quantity proposed by Jones.

Jones also alleges that there was a break in the chain of custody which made the seized drugs inadmissible. An evidentiary ruling that is not specifically objected to is reviewed only for plain error.**10** Vari-

---

**5** See Rawlings v. Kentucky, 448 U.S. 98 (1980).

**6** FED. R. CRIM. P. 29; United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, ___ U.S. ___, 60 U.S.L.W. 3879 (U.S. 1992).

**7** Brooks, 957 F.2d at 1147.

**8** See United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992); United States v. Dolan, 544 F.2d 1219, 1221 (4th Cir. 1976).

**9** United States v. Perrera, 842 F.2d 73, 77 (4th Cir.), cert. denied, 488 U.S. 837 (1988).

**10** FED. R. CRIM . P. 52(b).

3

ous law enforcement officers laid a foundation of how the drugs were discovered, identified, transferred, and tested. Further, a co-conspirator identified the drugs and their unique packaging as consistent with prior drug shipments by Jones. We find the trial testimony sufficient to support the admission of the evidence as authentic.[11]

Next, Jones asserts that the court improperly increased his base offense level four points pursuant to United States Sentencing Commission, Guidelines Manual, § 3B1.1(a) (Nov. 1994), for being an organizer or leader of a criminal activity involving five or more persons. The finding by the district court that Jones was an organizer in the conspiracy is a finding of fact reviewable only for clear error.[12] Testimony at trial established that the conspiracy consisted of at least five people and that Jones was a key person in the conspiracy. Further, the district court did not err in counting Jones as one of the five participants in the conspiracy.[13] Accordingly, the district court's application of U.S.S.G. § 3B1.1(a) was not clearly erroneous.[14]

Lastly, Jones contends that he was denied a fair trial because the jury panel contained no African-Americans. Challenges to jury composition must be raised in a timely fashion to avoid waiver.[15] Until now, Jones never objected to the composition of the jury. Because Jones failed to raise the issue of the jury's composition during voir dire or at trial, he waived his right to bring this claim.

Accordingly, we affirm Jones's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[11] FED. R. EVID. 901(a) & (b)(4).

[12] See United States v. Hicks, 948 F.2d 877, 881 (4th Cir. 1991).

[13] United States v. Fells, 920 F.2d 1179, 1182 (4th Cir. 1990), cert. denied, 501 U.S. 1219 (1991).

[14] See United States v. White, 875 F.2d 427, 431 (4th Cir. 1989).

[15] United States v. Webster, 639 F.2d 174, 180 (4th Cir.), cert. denied, 454 U.S. 857 (1981).

4