**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 96-4435

TYRONE CHRISTOPHER JAMES,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge;
Frederic N. Smalkin, District Judge.
(CR-95-489-S)

Submitted: March 31, 1998

Decided: May 21, 1998

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Isaac Joe, Jr., LAW OFFICES OF ISAAC JOE, Baltimore, Maryland,
for Appellant. Lynne A. Battaglia, United States Attorney, Katharine
J. Armentrout, Assistant United States Attorney, Baltimore, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tyrone Christopher James appeals from his jury convictions of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1994), and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.§ 924(c) (1994). James first contends that the district court erred in denying his motion for appointment of an expert pursuant to 18 U.S.C.§ 3006A(e)(1) (1994). Second, he alleges that the district court erred in denying his motion for acquittal.

We hold that the district court did not abuse its discretion in denying James's motion for an expert, because the court's refusal was not prejudicial to James's defense. We also hold that there was sufficient evidence for a jury to convict James. Accordingly, we affirm his convictions.

I.

On April 22, 1995, Baltimore City police officers, responding to a tip that two armed men, who might be selling drugs, were in an alley on Lanvale Street, approached James on the 1100 block of that street. James fled, and the officers pursued. While running, James reached into his coat and threw to the ground a clear plastic bag, which contained fifty capsules of heroin with a combined street value of $500.

The officers chased James into an alley, where he drew a gun from his waistband area and pointed it at the officers. James then ran to the rear door of a "safe house" at 1638 Holbrooke Street and knocked and yelled. Charise Preston, the resident of 1638 Holbrooke Street, permitted James and others to use her house as a location to hide from the police. Accordingly, she opened the door and let James inside. Once inside, James dropped both the gun he was holding and another

2

gun from his clothing and ran out the front door. James was eventually apprehended and arrested in another house on Holbrooke Street.

At trial, Preston testified that James regularly sold drugs in the alley behind her house and that she had bought drugs from him. On the morning of April 22, James arrived at Preston's house, paid her for the use of her house, and sold heroin capsules in the alley. Later that day, James left Preston's house to get a fresh supply of heroin to distribute. A short time later, James burst into Preston's house with the police in pursuit. In addition, two officers testified that the amount of heroin that James possessed was inconsistent with personal use.

Before trial, James moved for the appointment of an expert to testify that the heroin was consistent with personal use, thereby undercutting the Government's assertion that James had an intent to distribute. The motion was denied. At trial, James called no witnesses. He was found guilty on both counts. This appeal followed.

II.

James argues that the district court's refusal to appoint an expert to assist him in preparing his defense violated 18 U.S.C. § 3006A(e) (governing appointment of experts on behalf of indigent defendants). James's argument lacks merit. To show reversible error in a district court's refusal to appoint an expert, a defendant must demonstrate that the court's refusal was prejudicial to his defense. See United States v. Perrera, 842 F.2d 73, 77 (4th Cir. 1988). However, James made no showing that he had an expert in mind who would testify that fifty capsules of heroin were consistent with personal use. In fact, James's attorney could only opine that "[t]here may be an expert who might be willing to give that kind of testimony." (emphasis added). Next, James produced no evidence at trial to support his personal use defense. He neither called any witnesses nor submitted any documents substantiating his claim that he had a substantial heroin habit. Moreover, the evidence at trial undermined any personal use defense James might have been able to mount with an expert: two officers testified that the heroin recovered was inconsistent with personal use, and Preston testified that James was distributing heroin on the day in question. Thus, the fact that James lacked the services of an expert did not prejudice his defense.

3

III.

We review a denial of a motion for acquittal under a sufficiency of evidence standard. See Fed. R. Crim. P. 29; see also United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992)."To sustain a conviction[,] the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

James asserts that the evidence was insufficient to show that he possessed heroin with the intent to distribute. However, testimony disclosed that the heroin discarded by James was packaged in street sale capsules and that he was carrying a firearm. Further, two officers testified that the amount of heroin was inconsistent with personal use. See United States v. Wright, 991 F.2d 1182, 1187 (4th Cir. 1993) ("[I]ntent to distribute the controlled substance can be inferred if the quantity is larger than what normally would be consumed for personal use."). In addition, Preston testified that James was selling heroin on the day in question and that he had gone to get additional heroin to distribute immediately before his arrest. Taken as a whole, these facts are more than sufficient for a reasonable jury to find that James possessed the heroin with intent to distribute.

Accordingly, we affirm James's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4