UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

———————————

Nos. 01-4812(L)
(CR-00-287)

———————————

United States of America,

Plaintiff - Appellee,

versus

Alexander O'Brian Williams,

Defendant - Appellant.

———————————

O R D E R

———————————

The court amends its opinion filed September 3, 2002, as follows:

On the cover sheet, section 3 -- the appeal number is corrected to read "No. 02-4204."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    v.                      No. 01-4812

ALEXANDER O'BRIAN WILLIAMS,
    *Defendant-Appellant.*


UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    v.                      No. 02-4204

ALEXANDER O'BRIAN WILLIAMS,
    *Defendant-Appellant.*


Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.

Frank W. Bullock, Jr., District Judge.
(CR-00-287)

Submitted: August 8, 2002

Decided: September 3, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

### COUNSEL

Sofie W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington,
North Carolina, for Appellant. Anna Mills Wagoner, United States

Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

### OPINION

PER CURIAM:

Alexander O'Brian Williams pled guilty pursuant to a written plea agreement to two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a) (2000). Williams was sentenced to 223 months imprisonment on each count, to run concurrently. In these consolidated appeals, Williams challenges the district court's denial of his motions to withdraw his guilty plea and to appoint an expert voice identification witness. Williams has also filed a supplemental pro se brief in which he claims that his due process rights were violated. We affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). Williams must present a "fair and just" reason for withdrawing his guilty plea. Fed. R. Crim. P. 32(e); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Based on the factors set forth in *Moore*, we find the district court did not abuse its discretion in denying the motion to withdraw his guilty plea.

Next, Williams challenges the district court's denial of his motion to appoint a voice identification expert to examine the tape recording of the transaction underlying count 2 of the indictment. To show reversible error in a district court's refusal to appoint an expert pursuant to 18 U.S.C. § 3006A(e) (2000), Williams must demonstrate that the court's refusal was prejudicial to his defense. *United States v. Perrera*, 842 F.2d 73, 77 (4th Cir. 1988). In light of his valid guilty plea, we find that Williams cannot establish that the denial of his motion was prejudicial to his defense.

2

Finally, Williams alleges that referral of his case for federal rather than state prosecution violated his due process rights. This claim, however, is meritless. *United States v. Carter*, 953 F.2d 1449, 1461-62 (5th Cir. 1992).

Accordingly, we grant Williams' motion to file a supplemental pro se brief and affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3