**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4259**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

LEONARD O'BRIEN PARKER, a/k/a Leonard O'Brien Parris,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:06-cr-00002)

Submitted:  July 2, 2008              Decided:  July 28, 2008

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, PLLC, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Don Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonard O'Brien Parker appeals his convictions after being found guilty of two counts of each of the following: kidnaping in the commission of a bank robbery, in violation of 18 U.S.C. § 2113(e) (2000), possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2000), and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000).[1]  Parker contends the district court's denial of his request for additional expert assistance violated his Sixth Amendment right to present a complete defense and his statutory right to appointment of an expert witness.  While he was provided with a clinical psychologist, Dr. Peter Sansbury, Parker asserts his condition required an additional expert who specialized in pharmacology and could investigate whether he "suffered from psychosis from either the overdose or withdrawal from Paxil." Parker contends that regardless of Dr. Sansbury's competency in the field of psychology, he was unqualified to investigate Parker's specific claims, as they "necessarily involve[d] questions which are medical in character, not psychological."  Finding no error, we affirm.

---

[1]Parker was also found guilty of two counts of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a), and two counts of assault with a dangerous weapon during the commission of a bank robbery, in violation of 18 U.S.C. § 2213(d); however, the district court arrested judgment on those counts in order to avoid duplicative sentences.

An indigent criminal defendant has a constitutional right to the assistance of a psychiatrist once he "has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial." Ake v. Oklahoma, 470 U.S. 68, 74 (1985). However, a defendant does not have a "constitutional right to choose a psychiatrist of his personal liking or to receive funds to hire his own."[2] Id. at 83. While an indigent defendant may request the district court to expend public funds for expert services to assist in the preparation of his defense, the defendant must demonstrate such services are necessary to an adequate defense. 18 U.S.C. § 3006A(e)(1) (2000). A district court's denial of a defendant's request for funds to procure expert services is reviewed for abuse of discretion. United States v. Hartsell, 127 F.3d 343, 349 (4th Cir. 1997). "To show reversible error in a district court's refusal to appoint an expert [pursuant to 18 U.S.C. § 3006A(e)], a defendant must demonstrate that the court's refusal was prejudicial to his defense." United States v. Perrera, 842 F.2d 73, 77 (4th Cir. 1988).

Despite Parker's claim that he was entitled to a "medically trained psychiatrist," he has failed to demonstrate that the district court's prior appointment of an admittedly competent psychologist was statutorily or constitutionally deficient. As

---

[2]The Supreme Court noted that a defendant's constitutional right is limited to the provision of "one competent psychiatrist." Ake, 470 U.S. at 78-79.

this court has noted, "the decision in Ake reflects primarily a concern with ensuring a defendant access to *a psychiatrist or a psychologist*, not with guaranteeing a particular substantive result." Wilson v. Greene, 155 F.3d 396, 401 (4th Cir. 1998) (emphasis added). Accordingly, the district court's provision of public funds for procurement of expert psychological services, and defense counsel's decision to retain Dr. Sansbury, did not violate Parker's due process rights, as there is no obligation under Ake that a defendant be provided with a psychiatrist rather than a psychologist.

Furthermore, Parker has not demonstrated that an additional psychiatric expert was required under Ake or that his appointed psychologist was unqualified to evaluate his claims relating to Paxil. See Page v. Lee, 337 F.3d 411, 417 (4th Cir. 2003) (petitioner failed to provide any evidence his appointed experts fell below the standard of competency). While Parker contends that Dr. Sansbury was simply unable to provide the expert services his case required, there is no evidence in the record to support this allegation. At the hearing on this matter, Parker repeatedly asserted that he needed a psychiatric expert with specific knowledge regarding Paxil; however, there was no evidence presented regarding Dr. Sansbury's lack of qualifications or inability to adequately address Parker's claims. See id. at 420 n.5 ("Even the simplest form of evidence, such as an affidavit on

this point from either expert, from trial counsel, or from petitioner himself is absent from the record.").

Parker offered little more than conclusory assertions that a specialized expert who "knows about Paxil" was needed, and he failed to demonstrate that the psychological assistance provided by Dr. Sansbury would be insufficient to prepare a defense regarding his sanity at the time of the offense.[3] See Caldwell v. Mississippi, 472 U.S. 320, 323 n.1 (1985) (no due process violation in denial of expert where petitioner "offered little more than undeveloped assertions that the requested assistance would be beneficial"); see also Ake, 470 U.S. at 82-83 (defendant must make "threshold showing" for psychiatric expert). Dr. Sansbury was not called as a witness at trial, and there is no evidence or proffer in the record indicating what his testimony would have included in regard to Parker's mental state or his use of Paxil. Accordingly, because there is no evidence in the record demonstrating that Parker's appointed psychologist could not provide the assistance necessary to prepare an adequate defense, we find that Parker's claim is without merit.

Even assuming the existence of evidence indicating that Dr. Sansbury was unqualified to properly analyze Parker's

---

[3]Additionally, Parker's counsel contradicted almost all of his client's contentions, as he stated that Dr. Sansbury was a "sufficient expert" for the case and that "asking for further experts would be frivolous and unwarranted."

pharmacological claims, Parker has still failed to demonstrate that the district court's refusal to appoint another expert was prejudicial to his defense, as his claims regarding Paxil were contradictory and unsupported by the testimony in this case. See Perrera, 842 F.2d at 77. At trial, Parker claimed he stopped taking his prescription a week before the robberies; however, this testimony contradicted Parker's earlier assertions made in his motion to suppress, where he claimed that his statements to police were involuntary because the officers supplied him with cigarettes and coffee despite knowing he was on both Paxil and Soma. Furthermore, the FBI agent in charge of Parker's interrogation testified that Parker stated, prior to his confession, that he was currently taking Paxil and that it would not affect his ability to understand his rights. Finally, Parker's ex-wife testified that she provided him with his medication every day, and that while she did not always see him take his daily Paxil pill, Parker never told her that he had stopped taking his prescription. Therefore, in light of the lack of evidentiary support for Parker's contentions regarding his use of Paxil, we find the district court did not abuse its discretion in denying the motion for additional expert services.

Accordingly, we affirm Parker's convictions. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED