**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4689**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID LYNN HATFIELD,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (CR-02-219)

Submitted:  September 12, 2008    Decided:  September 26, 2008

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

Robert E. Barrat, Martinsburg, West Virginia, for Appellant. Joshua Clarke Hanks, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lynn Hatfield was convicted by a jury of two counts of possession of a firearm by a felon (Counts One & Eleven), eight counts of distribution of oxycodone and hydrocodone (Counts Four through Ten & Twelve), and one count of using and carrying a firearm during and in relation to a drug trafficking crime (Count Thirteen), in violation of 18 U.S.C. §§ 922(g)(1); 924(c)(1)(A); 21 U.S.C. § 841(a)(1) (2000). Hatfield was sentenced to a total of 138 months' imprisonment. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising various issues for review. In a pro se supplemental brief, Hatfield joined in those issues raised by counsel and raised additional grounds for review. The Government elected not to file a responding brief.

Hatfield first contends that his counsel provided ineffective assistance. An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction motion under 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (quoting United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994)). Because the

2

record does not conclusively establish that counsel was ineffective, Hatfield's claim is not cognizable on direct appeal.

Next, Hatfield contends that the district court erred by refusing his motion for the appointment of an expert to review audio recordings admitted by the Government, which he believed had been edited or otherwise tampered with. "Indigent defendants are entitled by law to money for investigative and expert services that are 'necessary for adequate representation.'" United States v. Hartsell, 127 F.3d 343, 349 (4th Cir. 1997) (quoting 18 U.S.C. § 3006A(e)(1) (2000)). We review a district court's decision regarding the necessity of expert services for abuse of discretion. Id. "To show reversible error in a district court's refusal to appoint an expert, a defendant must demonstrate that the court's refusal was prejudicial to his defense." United States v. Perrera, 842 F.2d 73, 77 (4th Cir. 1988) (per curiam). As Hatfield failed to offer any evidence in support of his motion for the appointment of an expert, or alternatively establish that his case was prejudiced in any manner by the denial, we conclude that the district court did not abuse its discretion in denying the motion.

Hatfield further contends that the search of his person and trailer were improper and the evidence obtained pursuant thereto should have been suppressed. We previously held in the Government's appeal from the district court's suppression of evidence that an unannounced entry by deputy sheriffs into

3

Hatfield's residence was reasonable and did not violate the Fourth Amendment. See United States v. Hatfield, 365 F.3d 332, 338-41 (4th Cir. 2004). That holding is now the law of the case, and, since Hatfield has not alleged any of the exceptions to the law of the case doctrine, he may not relitigate that issue in this appeal. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999).

Finally, Hatfield contends that the evidence was insufficient to support a conviction for using and carrying a firearm during and in relation to a drug trafficking crime (Count Thirteen) under 18 U.S.C. § 924(c)(1)(A). To determine if there was sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence, and permit the "government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Hatfield argues that even if he "allegedly accepted the gun" in payment for a controlled substance, he did not "use" it as contemplated by the ordinary meaning of the word in § 924(c)(1)(A). The facts of this case are very similar to those in Watson v. United States, 128 S. Ct. 579, 582, 586 (2007), wherein the Supreme Court reversed a defendant's conviction for use of a firearm in

4

furtherance of a drug trafficking offense, which was predicated on the defendant's receipt of the firearm in exchange for drugs. As in Watson, the basis for the § 924(c)(1)(A) charge here was Hatfield's receipt of the firearm in trade for a controlled substance. Therefore, even construing the facts in the light most favorable to the Government, we conclude there was insufficient evidence to support the jury's verdict.

In accordance with Anders, we have reviewed the entire record in this case. While we affirm Hatfield's convictions on Count One and Counts Four through Twelve, we reverse Hatfield's conviction on Count Thirteen based on the Supreme Court's holding in Watson. We remand to the district court for further proceedings. Additionally, we grant Hatfield's motion to withdraw his motion to dismiss the federal indictment and deny his remaining motions. We also deny Appellee's motion to dismiss, but grant the motion as to the request for remand.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED IN PART,
REVERSED IN PART,
AND REMANDED

5