**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4731**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

    v.

VLADIMIR PETROVICH MAZUR, a/k/a Vladimir Mazur,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.   Glen E. Conrad, Chief District Judge.  (5:12-cr-00011-GEC-6)

─────────────

Submitted:  March 26, 2015          Decided:  April 8, 2015

─────────────

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David L. Parker, DAVID L. PARKER, PC, Harrisonburg, Virginia, for Appellant.   Anthony P. Giorno, Acting United States Attorney, Grayson A. Hoffman, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Vladimir Petrovich Mazur of conspiracy to distribute 100 grams of heroin, in violation of 21 U.S.C. § 846 (2012); stealing firearms from a licensed dealer, in violation of 18 U.S.C. § 922(u) (2012); possession of stolen firearms, in violation of 18 U.S.C. § 922(j) (2012); and use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Mazur to a total of 141 months of imprisonment. On Mazur's first appeal, we affirmed the convictions, but vacated the sentence and remanded to the district court because the court failed to provide a sufficient explanation for its drug weight calculation to provide for meaningful appellate review. United States v. Mazur, 571 F. App'x 234, 236-37 (4th Cir. 2014) (per curiam). On remand for resentencing, the court again imposed a sentence of 141 months. Mazur now appeals. Finding no error, we affirm.

Mazur first argues on appeal that the district court erred in calculating the drug weight attributable to him. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (quoting United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009)); see

2

also United States v. Hicks, 948 F.2d 877, 881 (4th Cir. 1991) ("The calculation of the amount of drugs which results in the establishment of the base offense level is a factual determination subject to review only for clear error."). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Manigan, 592 F.3d at 631 (quoting Easley v. Cromartie, 532 U.S. 234, 242 (2001)) (brackets and internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the district court did not err in calculating the drug weight.

Mazur also argues that the district court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure in ruling on the parties' objections to the drug weight calculated by the probation officer in the addendum to the presentence report (PSR). At a sentencing hearing, a district court must make findings on controverted matters in the PSR or determine that no finding is necessary, pursuant to Rule 32. United States v. Bolden, 325 F.3d 471, 497 (4th Cir. 2003). "We have concluded, however, that the 'court need not articulate findings as to disputed factual allegations with minute specificity.'" Id. (brackets omitted) (quoting United States v. Perrera, 842 F.2d 73, 76 (4th Cir. 1988) (per curiam)). We conclude that the

3

district court sufficiently explained its findings on the drug weight in ruling on the objections to the PSR.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED