**UNITED STATES of America, Appellee,**

v.

**Tillman Randolph CUNNINGHAM,
Appellant.**

**No. 80–5033.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 13, 1980.

Decided Jan. 15, 1981.

R. Lee Myers, Charlotte, N. C. (Myers, Ray & Myers, Charlotte, N. C., on brief), for appellant.

Harold J. Bender, Asst. U. S. Atty., Charlotte, N. C. (Harold M. Edwards, U. S. Atty., Ruby J. Warren, Third Year Law Student, Charlotte, N. C., on brief), for appellee.

Before WINTER, Circuit Judge, FIELD, Senior Circuit Judge, and PHILLIPS, Circuit Judge.

FIELD, Senior Circuit Judge:

Tillman Randolph Cunningham was charged in a twelve count indictment with eight counts of fraud by wire, in violation of 18 U.S.C. § 1343, and four counts of causing fraudulently obtained goods of the value in excess of $5,000.00 to be transported interstate, in violation of 18 U.S.C. § 2314. The case was tried to a jury which returned verdicts of guilty on all twelve counts. Judgments of conviction were entered on the jury verdicts and Cunningham has appealed.

Cunningham's principal assignment of error is that the trial court improperly restricted his counsel's cross-examination of Jerry David Lowrence, the government's key witness, concerning Lowrence's prior criminal record. Cunningham argues that these criminal convictions were admissible for the purpose of impeachment under Rule 609(a)(1) and/or (2) of the Federal Rules of Evidence and, additionally, that the action of the district court violated his rights under the Confrontation Clause. We find no merit in Cunningham's position on either of these points.

Rule 609 of the Federal Rules of Evidence reads in pertinent part as follows:

(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

The history of Rule 609 was well chronicled in *United States v. Smith,* 551 F.2d 348 (D.C.Cir.1976), where the court emphasized that the Rule permits the impeachment of a witness by a prior felony conviction *"only if* * * * the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant."* This language of the Rule, the court noted, places the burden upon the proponent of establishing that the prior conviction evidence should be admitted. *Id.,* at 360.[1] This requires both a showing that the

---

1. While many of the cases on the subject have involved the admissibility of prior convictions of a defendant who indicated a desire to testify in his own behalf, the Rule does not differentiate between a defendant and any other witness with respect to the burden of establishing admissibility. Such an interpretation is supported by remarks made on the floor of the House during debate. The position of the conferees was stated by Representative Hungate:

"[T]he rule puts the burden on the proponent of [prior conviction] evidence to show that it should be used—to show that the probative

prior conviction involved an offense which was "punishable by death or imprisonment in excess of one year," and that its probative value "outweighs its prejudicial effect to the defendant." Under Rule 609(a)(1) the admission of such evidence lies in the sound discretion of the trial judge who should make an explicit finding on the record with respect to admissibility after he has had the benefit of a recital "of the circumstances surrounding the admission of the evidence, and a statement of the date, nature and place of conviction." *United States v. Mahone*, 537 F.2d 922, 929 (7 Cir. 1976).[2]

■ The record in the present case clearly demonstrates that Cunningham's counsel failed to carry his burden under the Rule— indeed, he never placed before the court sufficient information to require a finding. Upon direct examination, counsel for the Government had questioned Lowrence about a felony conviction for breaking and entering which had occurred within ten years prior to the trial. Thereafter, upon cross-examination, defense counsel asked the witness whether he had been convicted in February of 1978 of assault by using a gun. When the court inquired whether such a conviction was a felony, counsel merely replied that he did not know. He then asked the witness concerning a conviction of robbery in October of 1977 to which the witness replied in the negative. In response to a further question, Lowrence admitted that he had been convicted of the crime of cruelty to an animal. Finally, the following colloquy took place:

Q And how many counts of worthless checks have you had?

ASST. U. S. ATTY. BENDER: Objection.

THE COURT: Counsel, I believe that under state law none of those are felonies, are they?

MR. MYERS: I don't believe they are if they are North Carolina charges.

THE COURT: Well.

MR. MYERS: Oklahoma has a felony, felonious check charges. I don't know if there—

THE COURT: Well, is there any indication that there's any Oklahoma violation here?

MR. MYERS: I don't know.

THE COURT: Let's don't proceed that way, Counselor. That's not the way to do it.

APP., at 24–25.

From the foregoing it is clear that the district judge did not unreasonably restrict the cross-examination. In his questions to the attorney, he was merely trying to determine whether the convictions qualified for admissibility under the Rule. The attorney proffered no documentation nor other evidence to demonstrate that the convictions were admissible and, under these circumstances, the district judge acted properly in sustaining the Government's objection.

■ Cunningham's counsel argues that, in any event, aside from the other convictions, he was entitled to question Lowrence about the "worthless checks" under Rule 609(a)(2). Under this section, of course, the trial judge has no discretion and *"must* permit use of the prior conviction for impeachment purposes if the crime underlying the conviction involved 'dishonesty or false statement, regardless of the punishment' ", *United States v. Fearwell*, 595 F.2d 771, 775 (D.C.Cir.1979). Rule 609(a)(2), however, is confined to a narrow class of crimes which by their nature bear directly upon the witness' propensity to testify truthfully. In the Conference Committee Report "dishonesty or false statement" was described in terms of

---

value of the evidence outweighs its prejudicial effect to the defendant."
120 Cong.Rec.H. 12,254 (daily ed. Dec. 18, 1974).

2. Unlike a finding under Rule 609(b), the district court is not required under subsection (a)(1) to support its finding with "specific facts and circumstances." *See United States v. Cavender*, 578 F.2d 528, 531 (4 Cir. 1978).

crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.

H.R.Conf.Rep. No. 93–1597, 93d Cong., 2d Sess. 9, *reprinted in* [1974] U.S.Code Cong. & Ad.News, pp. 7051, 7098, 7103.

While we can conceive of circumstances under which a conviction for "worthless checks" might qualify for admission under Rule 609(a)(2), there is nothing in the record in this case to support such a conclusion. The shotgun term "worthless checks" could conceivably involve forgery, false pretenses or some other circumstance which would fall within the rubric of "dishonesty or false statement". On the other hand, the phrase could connote something as innocuous as a check returned for "insufficient funds". In response to the inquiry of the court, counsel did not even press for admissibility under Rule 609(a)(2), nor did he do anything to enlighten the court with respect to the particulars of the charges. Under these circumstances, the district judge cannot be faulted for sustaining the Government's objection.

■ In making his constitutional argument, Cunningham relies upon the Court's decision in *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). Again, however, counsel's failure to properly develop the record removes the underpinnings of his constitutional claim. In *Davis* the trial judge had before him the full record and circumstances of the juvenile conviction as well as the arguments advanced by both the prosecutor and defense with respect to the issue of admissibility. It was upon this well-defined record that the Court held that the Confrontation Clause entitled defense counsel to cross-examine the witness "to show the existence of possible bias and prejudice." *Id.*, at 317, 94 S.Ct. at 1110. By contrast, we find nothing in the record sufficient to support any constitutional challenge in the present case.

Since we conclude that the district court did not improperly restrict the cross-examination of Lowrence and discern no other reversible error, the judgments of conviction are affirmed.

*AFFIRMED.*