956 F.2d 263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee BLACKSHEAR, a/k/a Jessie Blackshear, Defendant-Appellant.
 No. 91-5020.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1991.
Decided Feb. 28, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-90-14)
 Joseph T. Knott, III, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, John D. McCullough, Senior Litigation Counsel, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before SPROUSE, NIEMEYER and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jesse Lee Blackshear appeals his conviction of one count of interstate transportation of stolen property. He contends on appeal that the district court erred in admitting evidence of a prior conviction for transporting stolen property. We affirm the conviction.
 
 
 2
 Blackshear's conviction arose out of a conspiracy to steal John Deere tractors and tractor tires from various dealerships in Georgia and South Carolina for resale in North Carolina. All nine members of the conspiracy were indicted. Four of the co-conspirators testified against Blackshear, as part of their plea agreements, implicating him in the thefts. In addition, Blackshear's signature was on one of the truck rental forms. The only exculpatory testimony was from Blackshear himself and from his nephew Rick, whose testimony was partially impeached by evidence of his attempt to protect another coconspirator.
 
 
 3
 At trial, Blackshear moved to exclude evidence of a 1977 conviction for interstate transportation of stolen property. He conceded that the conviction fell within the time limit set by Fed.R.Evid. 609(a) because he was released from prison less than ten years before this trial. He also conceded that he had not received a certificate of rehabilitation. However, he argued that he would have qualified for a certificate of rehabilitation if he had applied for one. The trial court denied the motion.
 
 
 4
 Blackshear only appeals the propriety of the district court's admission of Blackshear's prior conviction. He argues that before admitting evidence of a prior conviction under 609(a), the trial court should have used the balancing test of Rule 403.
 
 
 5
 We find this argument meritless. The district court found, and Blackshear does not contest, that the prior conviction contained an element of dishonesty or deceit. The conviction, therefore, falls under 609(a)(2). We have held that under this section, "the trial judge has no discretion" and must allow in the evidence of the prior conviction if it involves dishonesty. See United States v. Cunningham, 638 F.2d 696-98 (4th Cir.1981). See also Green v. Bock Laundry Machine Co., 490 U.S. 504, 525-26 (1989).
 
 
 6
 In any event, the evidence against Blackshear was overwhelming in that four co-conspirators testified as to his involvement in the conspiracy. The only exculpatory evidence came from Blackshear and his nephew whose truthfulness and credibility were questionable. See United States v. Sloman, 909 F.2d 176, 181 (6th Cir.1990) (admission of seventeen-year-old conviction harmless when evidence of defendant's participation in crime was overwhelming and defendant's explanations were unconvincing); Government of Virgin Islands v. Bedford, 671 F.2d 758, 762 (3d Cir.1982) (abuse of discretion in automatically admitting prior conviction was harmless error in light of overwhelming evidence of guilt).
 
 
 7
 We hold that the district court did not err in admitting evidence relating to Blackshear's prior conviction, and that even if admission of that evidence was error, it was harmless in light of the evidence presented. Therefore, we affirm Blackshear's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED.