**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BOBBY CHAMBERS,
Plaintiff-Appellant,

v.

No. 95-7800

OFFICER STARNES; HARNETT COUNTY
MAGISTRATE; PEGGY JONES; JOHN
DOE,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CA-94-199-5-F)

Submitted: May 31, 1996

Decided: June 19, 1996

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bobby Chambers, Appellant Pro Se. David L. Woodard, NORTH
CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Chambers, a North Carolina inmate, filed this 42 U.S.C. § 1983 (1988) action alleging excessive force, inadequate medical treatment, improper placement in administrative segregation, and improper refusal to bring criminal charges. He alleged that while standing in a canteen line, a correctional officer, Starnes, approached him and asked him to move off the portion of the sidewalk that he was standing on, as it was a thoroughfare. Chambers says that he complied, but Starnes approached him again, grabbed him, and threw him against a metal fence, a brick wall, and onto the ground. Chambers raised a deliberate indifference claim, alleging that prison officials denied him necessary medical care for resultant neck and back pain. He also claimed that he was improperly placed on segregation pending an investigation of disciplinary charges arising from the incident. Finally, he claims he tried to lodge criminal charges against Starnes, but a county magistrate refused to charge Starnes. The deliberate indifference, segregation, and criminal charge claims were dismissed as frivolous under 28 U.S.C. § 1915(d) (1988).*

The remaining excessive force claim proceeded to a jury trial before a magistrate judge. Chambers, by counsel, made a motion in limine to prohibit the introduction of the plaintiff's or witnesses' disciplinary records or prior convictions. A district court judge granted the motion, finding that the prejudicial effect outweighed the probative value. At trial, the magistrate judge ruled on several oral motions and held that the prior convictions and disciplinary records would not be admissible.

_____

*Chambers voluntarily dismissed any remaining claims raised in his complaint against unnamed defendants.

2

At trial, Chambers testified regarding the incident with Starnes. On direct examination, Chambers testified that his age was seventy-one years old. On cross-examination, Starnes' counsel questioned Chambers regarding his strength and weight lifting practices. Starnes' counsel also questioned Chambers regarding his reaction to Starnes' use of force. Chambers stated that he did not do anything when Starnes grabbed him and kept his arm at his side.

During Chambers' cross-examination, Starnes moved the court to allow questioning on Chambers' present criminal conviction. Although previously ruled inadmissible, the magistrate judge presiding at the trial reconsidered the motion and ruled that considering the context of the trial, and doing the appropriate balancing under Fed. R. Evid. 403, the evidence of Chambers' present conviction was admissible. The jury returned a verdict for Starnes.

I

As to the deliberate indifference to medical needs claim, the administrative segregation claim, and the criminal charge claim, we have reviewed the record and the district court's opinion and order dismissing the claims and find no reversible error. Accordingly, we affirm as to those claims on the reasoning of the district court. Chambers v. Starnes, No. CA-94-199-5-F (E.D.N.C. Apr. 5, 1995).

II

The evidentiary rulings of a district court are given substantial deference, and will be reversed only for a clear abuse of discretion. A clear abuse of discretion exists only when the district court has acted arbitrarily or irrationally. United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994), cert. denied, 63 U.S.L.W. 3348 (U.S. Oct. 31, 1994) (No. 94-6283).

Federal Rule of Evidence 609 permits the use of a prior conviction to attack the credibility of a witness if the conviction was punishable by imprisonment of more than one year or involved dishonesty or false statement. See United States v. Cunningham , 638 F.2d 696, 697-98 (4th Cir. 1981). The probative value of admitting the evidence must outweigh its prejudicial effect. Fed. R. Evid. 609(a)(1).

3

In this case, the magistrate judge specifically stated that he considered the probative value of the evidence and its prejudicial effect on the accused. Consideration of the testimony by the witnesses necessarily included a credibility determination. Chambers and Starnes disputed what occurred after Starnes gave the order to move off the sidewalk. With such a discrepancy in accounts, credibility of the witnesses was highly probative.

The prejudicial effect of allowing questioning on the type of conviction for which Chambers was serving was minimal compared to the probative value. Because the incident took place at a prison, and the jury was already aware that Chambers was a prisoner, it is unlikely that learning of the actual criminal conviction would presumptively shock and prejudice the jury. Balancing the probative value against the potential prejudicial effect of admission of the present conviction, we find that it was not an abuse of discretion to allow evidence of the criminal conviction.

III

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED