**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 99-4777

CLIFFORD C. DEANS, a/k/a Jay,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Samuel G. Wilson, Chief District Judge.
(CR-99-30002-5)

Submitted: March 20, 2000

Decided: April 4, 2000

Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy Stephen Coyne, FOWLER, GRIFFIN, COYNE, COYNE &
PATTON, P.C., Winchester, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Bruce A. Pagel, Assistant United
States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Clifford C. Deans was convicted on one count of conspiracy to possess with intent to distribute cocaine base, 21 U.S.C.A. §§ 841(b)(1)(A), 846 (West 1999), and four counts of distribution of cocaine base, 21 U.S.C.A. § 841(a)(1), (b)(1) (West 1999). The district court sentenced Deans to 121 months in prison. Deans appeals, arguing that the evidence was insufficient to support his convictions and that the district court erred by excluding impeachment evidence and finding him accountable for at least fifty grams but not more than 150 grams of cocaine base. We find no merit to these claims; consequently, we affirm.

Three government witnesses testified that they bought crack cocaine from Deans. Deans presented witnesses who testified that he had steady employment as an agricultural laborer and did not live an extravagant lifestyle, and that they did not observe evidence that he was involved in drug trafficking. Deans' sole challenge to the sufficiency of the evidence is that the government witnesses were not credible because they were substance abusers who were cooperating with the government to lessen their own sentences and two of them were convicted felons. Because witnesses' credibility is within the sole province of the finder of fact, see United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996), Deans is not entitled to relief on this ground.

Next, Deans argues that the district court erred by ruling that government witness Jacob Cooley's 1987 to 1988 misdemeanor bad check convictions were inadmissible under Fed. R. Evid. 609(b). "A district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion." United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994). For the purpose of attacking a witness' credibility, Fed. R. Evid. 609(a)(2) allows evidence that the witness has been convicted of a crime involving "dishonesty or false statement." However, Rule 609(b) provides that evidence of a prior conviction over ten years old is not admissible "unless the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

2

Fed. R. Evid. 609(b). This court has cautioned that the district court is "only to depart from the prohibition against the use for impeachment purposes of convictions more than ten years old `very rarely and only in exceptional circumstances.'" United States v. Beahm, 664 F.2d 414, 417 (4th Cir. 1981) (quoting United States v. Cavender, 578 F.2d 528, 530 (4th Cir. 1978)).

Deans presented no evidence concerning the factual basis for Cooley's bad check convictions. The district court was "unable to conclude" that the probative value of the evidence of his bad check convictions outweighed its prejudicial effect. Considering the strong presumption against the admission of convictions over ten years old, we find that the district court acted within its discretion in excluding evidence of the bad check convictions. Cf. United States v. Cunningham, 638 F.2d 696, 699 (4th Cir. 1981) (upholding the exclusion of misdemeanor worthless check convictions less than ten years old because trial court could not determine, based on the evidence presented, whether the crime involved dishonesty or false statement for purposes of Rule 609(a)(2)). Finally, Deans contends that the district court miscalculated the quantity of drugs attributable to him for sentencing purposes. We review the sentencing court's factual determinations as to drug quantities for clear error. See United States v. Fletcher, 74 F.3d 49, 55 (4th Cir. 1996). We are doubly reluctant to overturn factual findings of the district court where the determination rests upon the demeanor and credibility of witnesses at trial. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

The district court held Deans accountable for at least fifty but not more than 150 grams of cocaine base. The court based its calculations on the evidence of three government witnesses who each testified that they bought crack from Deans at least weekly for approximately one year and upon four controlled drug buys.* Based on this evidence, the court concluded that Deans had been "dealing in multiple grams a week for at least a year." We find that the district court did not clearly err in attributing at least fifty but not more than 150 grams of cocaine base to Deans for sentencing purposes.

_____

*In the undercover transactions, Deans made four sales of cocaine base in the following quantities: 0.887 grams; 2.770 grams; 3.427 grams; and 1.447 grams.

3

For these reasons, we affirm Deans' convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4