UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                                   No. 00-4184

LAURA MICHELLE MONTROSE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-98-154)

Submitted: May 15, 2001

Decided: July 27, 2001

Before WILLIAMS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Tamura D. Coffey, Kevin B. Cartledge, WILSON & ISEMAN,
Winston-Salem, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Bryce Quine, Third-Year Law Student, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Laura Michelle Montrose was found guilty by a jury of aiding and abetting bank robbery and armed bank robbery in violation of 18 U.S.C.A. § 2 (West 2000), bank robbery and armed bank robbery in violation of 18 U.S.C.A. §§ 2113(a), (d)(West 2000), and conspiracy to commit bank robbery in violation of 18 U.S.C.A. § 371 (West 2000). The court imposed a sentence of 121 months incarceration on February 17, 2000. This appeal followed.

Montrose asserts error in the district court's decision to disallow impeachment of two government witnesses based on their prior conduct, specifically, a witness' prior petit larceny conviction and another witness' probation violation. Evidentiary rulings are reviewed by this court for abuse of discretion and are subject to harmless error review. *See United States v. Brooks*, 111 F.3d 365, 371 (4th Cir. 1997). The petit larceny in which the government witness was involved was not shown to be a crime of dishonesty or false statement and therefore was not admissible under Fed. R. Evid. 609(a)(2). *See United States v. Cunningham*, 638 F.2d 696, 698 (4th Cir. 1981). The court similarly found no dishonesty involved in the second witness' violation of probation. We find no abuse of discretion in this finding, but note that even if we concluded otherwise, there would be no harmful error. The second witness testified he was on probation for six convictions of breaking and entering and that he had pled guilty to armed bank robbery and carrying a firearm during a crime of violence. In view of this testimony, the impact on the jury of the added evidence of a probation violation would have been minimal.

Montrose next challenges the sufficiency of the evidence to support her conviction. This court reviews the denial of a motion for acquittal under a sufficiency of the evidence standard. *See* Fed. R. Crim. P. 29; *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v.*

*Romer*, 148 F.3d 359, 364 (4th Cir. 1998). Montrose's conviction must be affirmed if the evidence, viewed in the light most favorable to the government, is sufficient for any rational jury to find the elements of the offense beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the government. *Romer*, 148 F.3d at 364. With these standards in mind, we conclude sufficient evidence supports Montrose's convictions.

Finally, Montrose avers that the district court erred in its denial of her motions for downward departure at sentencing on the grounds of extraordinary physical impairments, delayed mental and emotional development, extreme vulnerability to victimization in prison, and the combination of these factors. The denial of a downward departure is not reviewable unless the district court perceived it lacked authority to depart on the grounds offered. *United States v. Hall*, 977 F.2d 861, 863 (4th Cir. 1992); *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). We conclude the court was aware of its authority to depart but did not find a departure warranted in this case.

Accordingly, we affirm Montrose's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*