**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4355**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

EDGAR EUGENE FOXX,

              Defendant - Appellant.

**No. 16-4371**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

CONTINA RENA FOXX,

              Defendant - Appellant.

Appeals from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:14-cr-00013-NKM-1; 6:14-cr-00013-NKM-2)

Submitted: February 17, 2017      Decided  March 14, 2017

Before KEENAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

———————————

Dana R. Cormier, DANA R. CORMIER, P.L.C., Staunton, Virginia; Fay F. Spence, First Assistant Federal Public Defender, Roanoke, Virginia, for Appellants. Caroline D. Ciraolo, Principal Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Gregory Victor Davis, Katie Bagley, Tax Division, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Edgar Foxx was convicted of making a false statement on a tax return, three counts of failure to file a tax return, and theft of government property. The district court sentenced him to 41 months' imprisonment. Contina Foxx, his wife, was convicted of theft of government property and making a false statement in connection with an application for federal health care benefits. The district court sentenced her to 30 months' imprisonment. On appeal, they contend that the district court erred by denying Edgar's motion for government funds to hire a forensic accountant and denying Contina's motion in limine in which she sought to exclude evidence of her prior convictions. They also argue that the district court erred in determining the amount of tax loss attributable to them at sentencing. We affirm.

The district court is authorized to provide funds for a defendant to hire an expert upon "a preliminary showing" that such services are necessary to an adequate defense. 18 U.S.C. § 3006A(e)(1) (2012). This court reviews for an abuse of discretion the denial of expert services, United States v. Hartsell, 127 F.3d 343, 349 (4th Cir. 1997), and any error in the determination is reversible only upon a showing that the denial of expert services was prejudicial to the defense. United States v. Perrera, 842 F.2d 73, 77 (4th Cir. 1988). We have reviewed the Foxxes' arguments in support of the provision of funds and conclude

3

that the district court did not abuse its discretion in denying the request for funds. Notably, deduction and expense amounts were not relevant to the determination of the Foxxes' culpability on the charged offenses, and they failed to demonstrate any prejudice. See 26 U.S.C. § 6012 (2012); see also Hartsell, 127 F.3d at 349.

To the extent that the Foxxes assert that a forensic accountant could have assisted in determining the amount of loss and restitution for sentencing purposes, we note that the Foxxes did not renew their request for funds post-conviction, despite the district court expressly stating that it would be willing to reconsider its ruling after the Foxxes received the discovery materials from the Government.

Next, Contina challenges the district court's denial of her motion in limine in which she sought to exclude, on cross-examination, evidence of her prior convictions of seven counts of false statement in connection with obtaining welfare assistance. See Va. Code Ann. § 63.2-502 (2007) ("Any person who knowingly makes any false application for public assistance . . . shall be guilty of perjury."). She argues that the prejudicial impact of the evidence outweighed its probative value. However, as the district court correctly concluded, where a prior conviction involves an act of dishonesty, Fed. R. Evid. 609(a)(2) does not provide for a weighing of the prejudicial effect versus the

4

probative value of the evidence, but rather evidence of these crimes is automatically admissible. United States v. Harper, 527 F.3d 396, 408 (5th Cir. 2008) ("Crimes qualifying for admission under Rule 609(a)(2) are not subject to Rule 403 balancing and must be admitted."). In fact, the district court "has no discretion to exclude evidence that qualifies" for admission under Rule 609(a)(2). United States v. Kelly, 510 F.3d 433, 438 (4th Cir. 2007) (citing United States v. Cunningham, 638 F.2d 696, 698 (4th Cir. 1981)). Accordingly, we affirm the district court's determination that evidence of Contina's prior convictions was admissible without consideration of prejudicial effect.

Lastly, the Foxxes argue that the district court erred by not taking into account their evidence presented at sentencing as to the actual amount of taxes they would have owed had they filed tax returns, but rather using an estimation of tax loss provided by the Sentencing Guidelines. During the sentencing hearing, the Foxxes presented the testimony of Melissa Wilson, who, in preparation for the sentencing hearing, had prepared income tax returns for the Foxxes for the years 2008 through 2011. She calculated the Foxxes' total tax liability for those years to be $35,748.

A special agent with the Internal Revenue Service testified that he computed the Foxxes' gross income by reference to the records of receipts from various scrap metal companies. He

determined that the Foxxes' tax liability was $172,000 by applying the formula in the Sentencing Guidelines, which provides that, in the absence of adequate records, tax loss can be determined as 20 percent of gross income. See U.S. Sentencing Guidelines Manual § 2T1.1(c)(2)(Note (A)) (2015). The court expressly found Wilson's testimony incredible and adopted the tax loss estimate provided by the Guidelines.

When reviewing the district court's application of the Sentencing Guidelines, this court reviews legal conclusions de novo and factual determinations for clear error. United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010). Credibility determinations are afforded "great deference." United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). The court's determination of the amount of loss for sentencing purposes is a factual finding, which this court reviews for clear error. United States v. Mehta, 594 F.3d 277, 281 (4th Cir. 2010).

The tax loss due to the failure to file a tax return is "the amount of tax that the taxpayer owed and did not pay." USSG § 2T1.1(c)(2). Tax loss "shall be treated as equal to 20% of the gross income . . . unless a more accurate determination of the tax loss can be made." USSG § 2T1.1(c)(2)(Note (A)).

The Foxxes contend that Wilson's testimony and her revised tax returns provided more accurate information as to their tax loss. However, Wilson admitted that her computations were based

6

on a number of assumptions and that the returns she prepared "at best, were just a guesstimate."

While the district court is instructed to reasonably estimate the tax loss and to account for any unclaimed deduction, credit or exemption, the defendant has the burden of establishing his eligibility for the deduction, exemption or credit by a preponderance of the evidence, and "the credit, deduction, or exemption [must be] reasonably and practically ascertainable." USSG 2T1.1, comment. (n.3). Also, the district court is not required to accept calculations of tax loss that it finds to be of "doubtful reliability." United States v. Montgomery, 747 F.3d 303, 313-14 (5th Cir. 2014); see United States v. Collins, 685 F.3d 651, 659 (7th Cir. 2012).

We have reviewed the record and have determined that the district court did not clearly err in determining that Edgar's business expenses were not "reasonably and practically ascertainable" USSG § 2T1.1, comment. (n.3), and in therefore estimating the tax loss as 20 percent of gross income. See United States v. Psihos, 683 F.3d 777, 783 (7th Cir. 2012) (holding that district court permitted to reject evidence as to unclaimed deductions where taxpayer provided no documentation). Further, we conclude that the calculation of the amount of tax loss was not clearly erroneous.

Accordingly, we affirm the district court's judgments.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED